T-diiy, J.
The position taken by the counsel for the ^plaintiffs iff error, that damages are allowed by law on the dissolution of an injunction ' ohly in cases in which the injunction is obtained at the instance of a party to the judgnient enjoined, cannot, I think, be maintained. It is true, injunctions to judgments 1 are usually obtained at the suit of' parties to them, and rarely is an injunction to a judgment allowed at the instance of a third person : but the terms of the act of 1819 under which the bonds in these cases were taken are sufficiently broad to cover such an injunction. Those terms are that' “where any injunction shall be hereafter obtained to stay the proceedings on any judgment * * * and such injunction shall be dissolved, wholly or in part, damages at the rate of ten per centum per annum * * s shall be paid to the party on whose behalf such judgment was obtained on such sum as appears to be due including the costs:” and surely the reason for awarding damages cannot be less strong in the case in which a stranger intervenes and obtains an injunction to a judgment against another than where the judgment debtor himself arrests the execution by such a proceeding. The evil to be remedied, the delay occasioned by causeless injunctions, is the same in either case. That the act directs the damages to be included in the execution to be issued on the judgment after the dissolution of the injunction, presents no real difficulty. This provision from its very nature can apply only to the case in which the injunction is obtained by' the judgment debtor, as it would be wholly inadmissible that he should be charged with damages during the pendency of an injunction obtained without his agency at the suit of another (see Garnett v. Jones, 4 Leigh 633) ; but it does not at all affect or disprove the liability of the party who does obtain it to pay them. This is the very liability which he assumes when he obtains the injunction.
If he be required to give and do give *bond to perfect his injunction, he and his surety will be liable to a suit on the bond for the recovery of the damages although in the case in which he -is the judgment debtor, they may also be included in the execution against him. Brit’ if not so included or if not made upon the ekectt *902 tion, the remedy upon the bond is unquestionable ; for the propriety and necessity of the bond grows out of the consideration that the execution may prove ineffectual, and it is intended to afford a new security for the debt including the damages. So far from its being correct then to say that the legislature never intended that the creditor should be driven to an action at law in any case to recover these damages, X take it that that is exactly what the legislature must have intended where the execution was not sued or was ineffectual in the case in which the injunction was at the suit of the judgment debtor, and, always, where the injunction was at the instance of one not a party to the judgment, and who was required to give the injunction bond. To say that because the damages could not be embraced in the execution on the judgment after the dissolution of the injunction in the latter case there is no remedy for their recovery, is entirely illogical, as I think it would be also to hold that in the case where no. bond is required, as where the injunction is at the suit of a personal representative or other person from whom it may be in the. opinion of the court improper to require bond, there can be no right to the damages or no remedy for their recovery. That the right does exist in such cases, I think is not. to be doubted, and'I apprehend an ample remedy will be found for its enforcement". Whether in the case put by the counsel, of an injunction to a judgment by one not a party to it, and bond given by another, also a stranger to the judgment, the party obtaining the injunction would be liable to the damages or not, is a question not at *all material to be determined in this case; certainly the latter would be liable on his bond, and if it should "even be held that the party in whose name the injunction was obtained in such a case, was not, I do not per'ceive that any absurdity as supposed by the counsel, would be involved.
But it is said that the damages are to be in lieu and satisfaction of interest and that this cannot be unless they can be included in the execution. Hence it is deduced that the provision giving damages cannot apply where the injunction is obtained by one not a party to the judgment; and in this connection the case of Crawford, &c. v. McDaniel, 1 Rob. R. 448 is cited by the counsel. I fully concur in the conclusion to which the court came in that case upon the point referred to, but I do not think it touches the question in this case. There had beeu in that case an injunction because of some alleged defect of title, which had been dissolved. There was then another bill filed alleging a mistake in the quantity of the land discovered after the former suit; and "the court thinking the complainant entitled to relief, by its decree injoined not only the principal money due but also the damages accrued during the pendency of the former injunction: and the Court of appeals held the decree in this respect right upon the ground that the damages were entire and were given in lieu of interest. The whole effect of this decision is that the four per centum damages above the six per centum interest must share the fate of the latter, and if relief is to be given against the latter, that relief shall extend to the former also, as both stand under the law in lieu of the latter. And so far from its being an authority against the right to the damages where the injunction is at the suit of one not a party to the judgment, its tendency is I think rather the other way in replacing the six per cent, interest with the ten percent, damages; and construing "*the statute in the light which it affords, the fair result, X think, is, that whenever an injunction to a judgment is dissolved, the judgment creditor is entitled to the ten per cent, damages; if the injunction be at the suit of the judgement debtor, they may be inserted in the execution and made in that way, or the party may maintain his action on the bond (where one is' given) and recover them together with the principal money and costs; if the injunction be at the instance of one not a party to the judgment and a bond be given, the obligors in the bond would clearly be responsible for them. And although in the latter case, payment of the principal money with six per cent, interest and the costs may have been made by the judgment debtor or any other for him, there would still remain due the difference between that amount and the amount of the judgment computing damages at ten per cent, in lieu of interest, to wit four per cent, on the amount due including .the costs during the period of the injunction for which recovery upon the bond might well be had.
Conceding, however, for the sake of the argument, the right to the damages and that they might be recovered on a bond with proper dondition, the counsel has sought to maintain that there can be no recovery on this bond, because as he contends, the condition has not been broken. The condition is to pay the judgment and costs and such damages as may be awarded : by the court, and it is said the court has not decreed the payment of any damages. In express terms, it is true, it has not; but pa3Tment of the damages is the penalty of the failure to sustain the injunction and the order of dissolution necessarily imports that this penalty is to be paid unless it be expressly remitted" by its terms. Thus “the law allows it and the court awards it;” for to sustain the action it may not be improper to saj^ that in a legal sense in such a case, the damages (which must and can only *be the ten per centum in lieu of interest) are awarded by the court. And here the remarks of a learned judge on a similar occasion, occur as appropriate: “I am of opinion we are not to stick to the letter in these statutory bonds taken by officers of the courts without the supervision of any tribunal and in the absence of the obligee. * * * * It is fair to presume that such was the design of the parties” (to be responsible to the extent *903 that the law required) “however clumsily it may have been expressed by the officer who -prepared the bond.” Per Tucker, P., White v. Clay’s ex’ors, 7 Leigh 68, 80. In that case, the condition of the bond was, not to pay what was due or should become due to the plaintiff as required by the statute but the judgment at law and all costs and damages, in case the injunction should be dissolved. Held, nevertheless, a good statutory bond and that the condition was broken by a dissolution of the injunction as to part. And the same liberality of construction was strikingly illustrated in another case in which the condition of the bond was to pay and satisfy the judgment in case the injunction should be dissolved together with the costs of the injunction if ruled so to do, saying nothing about damages, yet the party recovered the damages and the judgment was affirmed by this court. Fox, &c. v. Mountjoy, ex’or, 6 Munf. 36. In our case the condition stipulates for the payment of damages and as has been already said, the ten per centum on the amount of the judgment including the costs, is the only damages to which the party is liable.
The plea that an execution had been sued out on the judgment against the plaintiff in error (in the case of Claytor v. Anthony) and that a sum greater than the penalty of the injunction bond sued on had been paid by him in discharge thereof, before the suit, offered no bar to the action. The amount so paid, was paid upon *the judgment and execution, not upon the injunction bond, and that bond remained as a security for whatever might still be due the judgment creditor after deducting the amount of the principal, the interest at six per cent, and the costs which had been paid, that is to say for the four per centum of the damages not embraced in the payment.
There is an objection made in the case of Creasy v. Anthony to the amount of the damages recovered which it is said should have been only upon the amount due at the time of the original injunction and not at the time of the injunction on the bill of review. I think the objection not well taken. A bill of review forms no part of the proceedings in the original cause. It is allowed only after the suit is completely-ended or in England after the decree is signed and enrolled. It differs in this from a petition for a rehearing which may be allowed before the signing and enrolling of the decree, as it does also from a supplemental bill in the nature of a bill of review which supposes the cause to be still existing, and is received and incorporated into that cause as part of it: and the orders made upon it are taken and considered as orders in the original pending cause. Mitf. Pl. (6th Am. fr. 5th London ed.) p. 100, 105, and n. 107 et seq. ; Bowyer v. Lewis, 1 Hen. & Munf. 553; Ellzey v. Lane’s ex’x, 2 Hen. & Munf. 589; Sheppard’s ex’or v. Starke et ux., 3 Munf. 29. The bill of review of the appellant Creasy’s principal prayed that the former injunction might be reinstated or, in the alternative, that another injunction might be awarded, and the court granted a new injunction accordingly upon the usual terms of giving bond with condition as the law required. This injunction then I take it must be regarded as an original, independent injunction, and in estimating the damages to be paid upon its dissolution they are to be computed upon the whole amount appearing to be due at the time it was '“'perfected, and not the amount due at the date of the former injunction.
Thus, as it seems to me, no error is shown in either of these cases and I am of opinion that both judgments should be affirmed.
AEEEN, P., and MONCUR® and ROBERTSON, Js., concurred in the opinion of Lee, J.
Judgment affirmed.